Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 934 - 1 | **DATE** | 6/27/2001 |
| **CASE TITLE** | United States of America vs. Tracy Harrison | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Accordingly, we will enter the Preliminary Order of Forfeiture. Enter Preliminary Order of Forfeiture.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUN 28 2001 | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail A 450 form. | | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 01 JUN 27 PM 1:55 | date mailed notice | |
| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) No. 99 CR 934-1 |
| | ) |
| TRACY HARRISON, | ) JUN 2 8 2001 |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant has been convicted, upon his plea of guilty, of conspiracy to possess with intent to distribute cocaine from 1990 to 1997 and of money laundering. The superseding indictment also sought criminal forfeiture. Defendant agrees to forfeiture of a pistol but he resists forfeiture of any other property. The parties stipulated to a bench trial of the forfeiture allegations seeking forfeiture of $1,000,000.

The government contends that the drug conspiracy involved well over 150 kilograms of cocaine, at prices between $15,000 and $20,000 per kilogram. Thus, it argues, there is, out there, well over $1,000,000 in property that was used to facilitate commission of the conspiracy. It seeks a preliminary order of forfeiture. Defendant does not dispute those figures. Rather, he contends that 21 U.S.C. §853 relates to identifiable property and, if the government is seeking substitute property, that property must be identified. Federal Rule of Criminal Procedure 32.2(b)(1) does provide some support for the government's position, defendant concedes, but it did not become effective until after the conspiracy ended and, even if it is applicable, it requires that a nexus between the property sought to be forfeited and the offense be established.

We think defendant misapprehends the government's position. 21 U.S.C. §853(a)(2) permits forfeiture of "any of the person's property used ... in any manner ... to commit ... such violation." It cannot be reasonably disputed that defendant used well over $1,000,000 to purchase cocaine during the course of the conspiracy. Forfeiture of $1,000,000 based upon what defendant spent may well be an empty gesture – presumably he does not have it anymore. But a judgment for that amount does enable the government later to seek the forfeiture of specific substitute property pursuant to 21 U.S.C. §853(p) and Fed.R.Crim.P. 32.2(e). The issue here is "whether," not "how." See United States v. Baker, 227 F.3d 955, 967-68 (7th Cir. 2000), cert. denied, 121 S.Ct. 1095 (2001), and United States v. Voight, 89 F.3d 1050, 1084-85 (3d Cir. 1996). Accordingly, we will enter the Preliminary Order of Forfeiture.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 27, 2001.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
                                      No. 99 CR 934-1
      v.
                                      The Honorable James B. Moran
TRACY HARRISON

DOCKETED JUN 28 2001

PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853, and the Court being fully informed hereby finds as follows:

(a) On March 15, 2000, a Superseding Indictment was returned charging defendant TRACY HARRISON, and others, with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. § 846, among other violations;

(b) The Superseding Indictment sought forfeiture to the United States of specific property pursuant to the provisions of 21 U.S.C. § 853;

(c) On January 19, 2001, pursuant to Fed. R. Crim. P. 11, defendant TRACY HARRISON entered a voluntary plea of guilty to two counts of the Superseding Indictment, including Count One, thereby making certain property subject to forfeiture pursuant to 21 U.S.C. § 853;

(d) Pursuant to the terms of the plea agreement, as a result of his violations of 21 U.S.C. § 846, defendant TRACY HARRISON

agreed that the property described below shall be forfeit to the United States as the property constituted or was derived from proceeds the defendant obtained, directly or indirectly, as a result of narcotics trafficking and the property was used or intended to be used, in any manner or part, to commit or to facilitate the commission of narcotics trafficking:

1. One Lorcin L-380 pistol, serial number 520057.

(e) Defendant TRACY HARRISON further agreed that the foregoing firearm shall be forfeited to the United States Department of the Treasury and shall be disposed of according to law, which may include, but is not limited to, destruction of the firearm.

(f) Additionally, the government sought a preliminary order of forfeiture of $1,000,000 as to defendant, which amount is forfeitable to the United States in that such sum constituted or was derived from proceeds obtained, directly or indirectly, as a result of the criminal violations as alleged in Count One of the Superseding Indictment; and was used, or intended to be used, in any manner or part to commit or facilitated the commission of said violations.

(g) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant TRACY HARRISON

and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2), all right, title and interest of defendant TRACY HARRISON in the following property is hereby forfeit to the United States of America for disposition according to law:

    (a) One Lorcin L-380 pistol, serial number 520057; and
    (b) $1,000,000.

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), following entry of this order, the United States Department of the Treasury shall be authorized to seize and take custody of the foregoing firearm for disposition according to law;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), the United States Department of the Treasury shall publish notice of this order and of its intent to dispose of the property, described above, according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), any person other than the defendant, asserting a legal interest in the property which has been ordered forfeit to the

United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph (3), whichever is earlier, petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court, without a jury;

5. Following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against TRACY HARRISON and shall be included in any judgment and commitment order against him.

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JAMES B. MORAN
United States District Judge

DATED: 6/27/01